*The Wharton Law Firm*

1575 Madison Avenue
The Wharton Building
(Madison and Willett)
MEMPHIS, TENNESSEE 38104
901-726-6884
FAX 901-726-6844

**RUBY ROY WHARTON**
ALSO ADMITTED IN MASSACHUSETTS,
GEORGIA, DISTRICT OF COLUMBIA

**ANDRÉ C. WHARTON**
ALSO ADMITTED IN NORTH CAROLINA
_____
**URAL B. ADAMS, JR (1947-80)**

**ALEXANDER C. WHARTON**
ALSO ADMITTED IN NORTH CAROLINA

November 10, 2025

Honorable Robert Mims
Assistant U. S. Attorney
900 Jefferson Avenue
Oxford, Mississippi 38655-3626

                *In re*: **United States of America vs. Torio Chaz Wiseman, et al.**
                **United States District Court for the Northern District of Mississippi**
                **Criminal No. 4:25cr00177**

Dear Mr. Mims:

Pursuant to Fed. R. Crim. P. 12(d)(2), 16(a), and 26.2, *Brady v. Maryland*, 373 U.S. 83 (1963), and all other applicable rules and statutes, I am writing to request discovery in the above-captioned case. I request discovery as follows:

(1) **The Defendant's Statements** Under Fed. R. Crim. P. 16 (a)(1)(A), the defendant is entitled to disclosure of all copies of any written or recorded statements made by the defendant; the substance of any statements made by the defendant which the government intends to offer in evidence at trial; any response by the defendant to interrogation; the substance of any oral statements which the government intends to introduce at trial, and any written summaries of the defendant's oral statements contained in the handwritten notes of any government agent; any response to any *Miranda* warnings which may have been given to the defendant; *see U.S. v. McElroy*, 697 F.2d 459 (2d Cir. 1982)); and any other statements by the defendant that are discoverable under Fed. R. Crim. P. 16(a)(1)(A).

(2) **Arrest Reports, Notes and Dispatch Tapes** The defendant also specifically request that all arrest reports, notes and dispatch or any other tapes that relate to the circumstances surrounding defendant's arrest or any questioning, be turned over. This request includes, but is not limited to, any rough notes, records, reports, transcripts or other documents in which statements of the defendant or any other discoverable material is contained. This is all discoverable under Fed. R. Crim. P. 16(a)(1)(A) and *Brady v. Maryland*, 373 U.S. 83 (1963). *See also Loux v. U.S.*, F.2d 911 (9th Cir. 1968); *U.S. v. Johnson*, 525 F.2d 999 (2d Cir. 1975); *U.S. v. Lewis*, 511 F.2d 798 (D.C. Cir. 1975); *U.S. v. Pilnick*, 267 F. Supp.

791 (S.D.N.Y. 1967).

Arrest reports, investigator's notes, memos from arresting officers, dispatch tapes, sworn statements, and prosecution reports pertaining to the defendant are available under Fed. R. Crim. P. 16(a)(1)(B) and (C), Fed. R. Crim P. 26.2 and 12(I); Preservation of rough notes is specifically requested, whether or not the government deems them discoverable at this time.

(3) **Reports of Scientific Tests or Examinations** Pursuant to Fed. R. Crim. P. 16(a)(1)(D), defendant requests the reports of all tests and examinations conducted upon the evidence in this case, including but not limited to any fingerprint analysis, that is within the possession, custody, or control of the government, the existence of which is know, or by the exercise of due diligence may become known, to the attorney for the government, and which are material to the preparation of the defense or which are intended for use by the government as evidence-in-chief at trial;

(4) **The Defendant's Prior Record** The defendant requests, under Fed. R. Crim. P. (16(a)(1)(B), that the government provide a copy of the defendant's prior criminal record, if any, as within possession, custody or control of the government;

(5) **Brady Material** The defendant requests all documents, statements, agents' reports, and tangible evidence favorable to the defendant on the issue of guilty and/or which affects the credibility of the government's case. Impeachment as well as exculpatory evidence falls with *Brady'*s definition of evidence favorable to the accused. *U.S. v. Bagley*, 473 U.S. 667 (1985); *U.S. v. Agurs*, 427 U.S. 97 (1976);

(6) **Evidence Seized** Evidence seized as a result of any search, either warrantless or with a warrant, is discoverable under Fed. R. Crim. P. 16(a)(1)(C) and is hereby requested;

(7) **Request for Preservation of Evidence** The defendant specifically requests that all videotapes, social media accounts of the alleged victim and/or Defendant, dispatch tapes, or any other physical evidence that may be destroyed, lost, or otherwise put out of the possession, custody, or care of the government and which relate to the arrest or the events leading to the arrest in this case be preserved;

(8) **Tangible Objects** The defendant requests, under Fed. R. Crim. P. 16(a)(2)(C), the opportunity to inspect and copy as well as test, if necessary, all other documents and tangible objects, including alleged contraband, photographs, books, papers, documents, photographs, buildings, automobiles, or places, or copies, depictions, or portions thereof which are material to the defense or intended for use in the governments case-in-chief, or were obtained for or belong to the defendant;

(9) **Information Regarding Informants and Cooperating Witnesses** The defendant

requests that the government provide all relevant information concerning any informants or cooperating witnesses involved in this case. At a minimum, the government is obligated to disclose the identification and location of any informants or cooperating witnesses, as well as the identity and location of any other percipient witnesses unknown to the defendant. *Roviaro v. U.S.*, 353 U.S. 53 (1957);

(10) **Evidence of Bias or Motive to Lie** The defendant requests any evidence that nay prospective government witness is biased or prejudiced against the defendant, or has a motive to falsify or distort his or her testimony. *Pennsylvania v. Ritchie*, 480 U.S. 39 (1987); *U.S. v. Strifler*, 851 F.2d 1197 (9th Cir. 1988);

(11) **Impeachment Evidence** The defendant requests any evidence that any prospective government witness has engaged in any criminal act, whether or not resulting in a conviction, and whether any witness has made a statement favorable to the defendant. *See* Fed. R. Evid. 608, 609 and 613. Such evidence is discoverable under *Brady*, 373 U.S. at 83. *See U.S. v. Strifler*, 851 F.2d 1197 (9th Cir. 1988) (witness' prior record), *Thomas v. U.S.*, 343 F.2d 49 (9th Cir. 1965) (evidence that detracts from a witness' credibility);

(12) **Evidence of Criminal Investigation of Any Government Witness** The defendant requests any evidence that any prospective witness is under investigation by federal, state or local authorities for any criminal conduct. *U.S. v. Chitty*, 760 F.2d 425 (2d Cir.) *cert. denied*, 474 U.S. 945 (1985);

(13) **Evidence Affecting Perception, Recollection, Ability to Communicate, or Truth Telling** The defense requests any evidence, including any medical or psychiatric report or evaluation, tending to show that any prospective witness' ability to perceive, remember, communicate, or tell the truth is impaired; and any evidence that a witness has ever used narcotics or other controlled substance, or has ever been an alcoholic. *U.S. v. Strifler*, 851 F.2d 1197 (9th Cir. 1988); *Chavis v. North Carolina*, 637 F.2d 213, 224 (4th Cir. 1980);

(14) **Names of Witnesses Favorable to the Defendant** The defendant requests the name of any witness who made an arguably favorable statement concerning the defendant. *Jackson v. Wainwright*, 390 F.2d 288 (5th Cir. 1968); *Chavis v. North Carolina*, 637 F.2d 213, 223 (4th Cir. 1980); *Jones v. Jago*, 575 F.2d 1164, 1168 (6th Cir.), *cert. denied*, 439 U.S. 883 (1978); *Hudson v. Blackburn*, 601 F.2d 785 (5th Cir. 1979), *cert. denied*, 444 U.S. 1086 (1980);

(15) **Statements Relevant to the Defense** The defendant requests disclosure of any statement that may be "relevant to any possible defense or contention" that he might assert. *U.S. v. Bailleaux*, 685 F.2d 1105 (9th Cir. 1982). This includes in particular any statements by percipient witnesses;

(16) **Jencks Act Material** The defense requests all material to which defendant is

entitled pursuant to the *Jencks*, 18 U.S.C. §3500, and Fed R. Crim. P. 26.2. The defendant specifically request pretrial production of these statements so that the court may avoid unnecessary recesses and delays for defense counsel to properly use any *Jencks* statements and prepare for cross-examination;

(17) **Giglio Information** Pursuant to *Giglio v. U.S.*, 405 U.S. 150 (1972), the defendant requests all statements and/or promises, express or implied, made to any government witnesses, in exchange for their testimony in this case, and all other information which could arguable be used for the impeachment of any government witnesses;

(18) **Government Examination of Law Enforcement Personnel Files** The defendant requests that the government examine the personnel files and any other files within its custody, care or control, or which could be obtained by the government, for all testifying witnesses, including testifying officers and agents who may have been controlling or contacting the confidential informant or alleged victim in this case. The defendant requests that these files be reviewed by the government attorney for evidence of perjurious conduct or other like dishonesty, or any other material relevant to impeachment, or any information that is exculpatory, pursuant to its duty under *U.S. v. Henthorn*, 931 F.2d 29 (9$_{th}$ Cir. 1991). See *U.S. v. Jennings*, 960 F.2d 1488, 1492 (9$_{th}$ Cir. 1992);

(19) Pursuant to Fed. R. Crim. P. 16(a)(1)(E), the defendant requests disclosure of the identities, qualifications, and testimony of any expert witnesses the government intends to call at trial.

With best regards, I remain

Sincerely,

**THE WHARTON LAW FIRM**

*s/Alexander C. Wharton*

Alexander C. Wharton

Alex